UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| ROSELINE VINCENT, | ) | |
| | ) | Case No._____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT AND TRIAL BY JURY** |
| | ) | **DEMAND** |
| COLLECTION CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NATURE OF ACTION

1. Plaintiff Roseline Vincent ("Plaintiff") brings this action against Defendant Collection Center, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S.

1

555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. "[T]he FDCPA is a broad remedial statute that imposes strict liability on debt collectors; its terms are to be applied 'in a liberal manner.'" *Cordes v. Frederick J. Hanna & Associates, P.C.*, 789 F. Supp. 2d 1173, 1175 (D. Minn. 2011) (quoting *Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1063 (D. Minn. 2008)).

7. "The FDCPA is a remedial, strict liability statute which was intended to be applied in a liberal manner." *Picht v. John R. Hawks, Ltd.*, 77 F.Supp.2d 1041, 1043 (D. Minn. 1999).

8. "In evaluating whether a debt collection letter is false, misleading, or deceptive in violation of § 1692e, the letter must be viewed through the eyes of an unsophisticated consumer." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002).

9. The unsophisticated consumer standard is "designed to protect consumers of below average sophistication or intelligence, but they also contain an 'objective element of reasonableness.'" *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (quoting *Gammon v. G.C. Services Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)).

10. Therefore, a debt collector is liable for engaging in conduct that could mislead the unsophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of North Dakota, County of Grand Forks, and City of Grand Forks.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person allegedly obligated to pay a debt.

16. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. In or around December 2017, the parties entered into an agreement regarding repayment of the Debt wherein Plaintiff agreed to make monthly payments of $100, beginning January 2018 and continuing until the $2,206.35 balance was paid off.

20. Defendant also agreed that interest would not be assessed on the balance of the Debt.

21. At no point has Plaintiff missed a payment.

22. On or about January 25, 2019, Plaintiff called Defendant and requested the payoff amount for the Debt.

23. In response, and in connection with the collection of the Debt, Defendant faxed Plaintiff a letter dated January 25, 2019.

24. A true and correct copy of the January 25, 2019 letter is attached as Exhibit A.

25. Defendant's January 25, 2019 letter lists the payoff amount as $1,229.71 and solicits Plaintiff to make a payment by phone, online, or mail. Exhibit A.

26. That same day, Plaintiff emailed Defendant's representative, Mr. Fischer, disputing the payoff amount.

27. A true and correct copy of Plaintiff's January 25, 2019 email to Mr. Fischer is attached as Exhibit B.

28. Plaintiff's email informed Mr. Fischer that since January 2018, she has paid $1,300 on the Debt and that the payoff amount should actually be $906.35. *See* Exhibit B.

29. In response, Mr. Fischer confirmed that the correct payoff amount was indeed $906.35.

30. A true and correct copy of Mr. Fischer's January 25, 2019 email is attached as Exhibit C.

31. Mr. Fischer also informed Plaintiff that her account had been "placed into a status that calculated statutory interest" and acknowledged that the interest should not have been assessed. Exhibit C.

32. Despite Mr. Fischer's assurance that the balance of the Debt was $901.35, Defendant continued its attempts to collect more than it was entitled to.

33. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated January 26, 2019.

34. A true and correct copy of Defendant's January 26, 2019 letter is attached as Exhibit D.

35. Defendant's January 26, 2019 letter lists the payoff amount as $1,234.13 and solicits Plaintiff to make a payment by phone, online, or mail. Exhibit D.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

36. Plaintiff repeats and re-alleges each factual allegation contained above.

37. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

38. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

39. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

40. Here, Defendant's January 25, 2019 letter falsely represented that Plaintiff owed $1,229.71 when she only owed $906.35.

41. Therefore, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

42. Plaintiff repeats and re-alleges each factual allegation contained above.

43. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

44. The FDCPA is intended to be "comprehensive, in order to limit the opportunities for debt collectors to evade the under-lying legislative intention," and therefore the same conduct may violate multiple sections of the Act. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (citing FTC Official Staff Commentary on FDCPA, 53 Fed. Reg. 50097, 50101).

45. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

46. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 8, 2019

Respectfully submitted,

s/ Amorette Rinkleib
Amorette Rinkleib
Thompson Consumer Law Group, PLLC
5235 E Southern Ave, D106-618
Mesa, AZ 85206
Telephone:   (602) 899-9189
Facsimile:    (866) 317-2674
arinkleib@consumerlawinfo.com

Attorneys for Plaintiff
